Filed 8/27/24  S.G. v. Superior Court CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.G.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>Respondent;<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Real Party in Interest. | F088182<br><br>(Super. Ct. No. JD144723-00)<br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Christie Canales Norris, Judge.

S.G., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*       Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

Petitioner S.G. (mother), in propria persona, seeks an extraordinary writ (Cal. Rules of Court[1], rule 8.452) from the juvenile court's order setting a Welfare and Institutions Code[2] section 366.26 hearing for October 1, 2024, as to her minor daughter, B.S. We conclude mother's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## FACTUAL AND PROCEDURAL SUMMARY

On June 6, 2023, the Kern County Department of Human Services (department) filed a juvenile dependency petition on behalf of then nine-month-old B.S. alleging she came within the juvenile court's jurisdiction pursuant to section 300, subdivisions (b)(1) (failure to protect) and (j) (abuse of siblings).[3] It was alleged B.S. was at risk of harm because mother was unable to provide regular care due to her substance abuse and being intoxicated while in the care of B.S., and her father[4] had failed to supervise or protect her and to provide adequate shelter due to leaving her with mother, with knowledge they were living in a shed with no utilities or door and alcohol within reach of B.S. It was further alleged B.S. was at risk of harm because her sibling had been abused and neglected due to domestic violence and alcohol abuse by mother. Dependency proceedings were initiated as to B.S.'s sibling, mother failed to reunify, and her parental rights were terminated.

B.S. was placed into protective custody and eventually placed in foster care, and mother was arrested for willful cruelty to a child and being habitually drunk in the presence of a child.

---

[1] All further rule references are to the California Rules of Court.

[2] All further undesignated statutory references are to the Welfare and Institutions Code.

[3] The petition also alleged B.S. came within the court's jurisdiction under section 300, subdivision (g), but that allegation was found not true by the juvenile court.

[4] Father is not a party to this proceeding, and to our knowledge, has not separately sought relief.

Mother had several child welfare referrals dating back to 2003, many involving drug and alcohol abuse. Mother also had a criminal history dating back to 2003, including almost 20 convictions related to being drunk in public. Between 2016 and 2022, she had 14 charges related to alcohol use that were dismissed in the furtherance of justice or resulted in no disposition.

At the detention hearing conducted on June 9, 2023, the juvenile court ordered B.S. detained from the parents.

After B.S. was detained, mother tested positive for alcohol and cocaine. She denied cocaine use and reported drinking two 16-ounce beers three days before the positive alcohol test. She reported receiving substance abuse services from a non-court-approved provider and initially stated any classes would be a "waste of time" but later agreed to participate in voluntary services.

At the contested jurisdiction hearing conducted on July 31, 2023, both parents were present. The juvenile court found the allegations under section 300, subdivisions (b) and (j) true and set the matter for a disposition hearing.

Mother started participating in visitation with B.S., and the visits generally went well. In August 2023, mother reported being sober since June 23, 2023, and that she had enrolled with a court-approved substance abuse service provider. She also reported enrolling in parenting/neglect counseling and anger management counseling. Mother later admitted to drinking in September.

For disposition, the department recommended B.S. be adjudged a dependent of the court, removed from mother's custody, and that mother be bypassed for family reunification services pursuant to section 361.5, subdivision (b)(10) and (b)(11) because mother had had her parental rights terminated as to B.S.'s half sibling for failure to protect the half sibling due to substance abuse and had failed to make reasonable efforts to treat the problems that led to his removal.

3.

At the disposition hearing conducted on November 7, 2023, the parents were not present. Their counsel objected with no further evidence or authority to present. The juvenile court adjudged B.S. a dependent and removed her from the parents' custody. The court denied mother reunification services finding B.S. came within the bypass provision set forth in section 361.5, subdivision (b)(10). Father was ordered to be provided with six months of reunification services.

On January 2, 2024, mother filed a section 388 petition requesting the juvenile court to vacate its order denying her reunification services and order reunification or maintenance services for her. In the petition she requested the court construe it "as a motion for reconsideration." She alleged she was present in court the day of the disposition hearing but did not hear the case called and had planned to ask the court for reunification services at that time. She alleged she had been regularly participating in her case plan. Mother further alleged she had been visiting B.S. consistently and had a bond with her. Mother attached documents indicating she had completed anger management and was participating in parenting and neglect classes and substance abuse services. The court ordered a hearing to determine whether it should set an evidentiary hearing.

The department filed a supplemental report regarding mother's request recommending the court deny mother's petition. They reasoned mother needed to make more progress given her "extensive alcohol abuse history" and "past inability to reunify with her prior children."

On February 6, 2024, the juvenile court denied mother's January 2, 2024 section 388 petition without holding an evidentiary hearing.

On April 29, 2024, mother filed another section 388 petition requesting the court to grant mother family maintenance services. Mother alleged she had completed her entire case plan with the exception of substance abuse, which would be completed May 1, 2024, had secured housing, and had visited B.S. consistently. Mother alleged the request was in the best interest of B.S. because she "has a bond with [B.S.], she has visited

4.

consistently and reunification is in the best interest of the child." Attached to the petition were the same documents attached to her previous petition, plus a rental assistance agreement indicating mother would receive rental assistance for March 2024 through May 2024, parenting progress reports indicating she had completed 21 out of 26 classes, more substance abuse progress reports indicating mother continued to attend group counseling, individual counseling, and relapse prevention group and had tested negative on November 22, 2023, December 18, 2023, January 17, 2024, and February 7, 2024.

The court ordered an evidentiary hearing on mother's second petition.

In the department's six-month status review report dated April 26, 2024, the department recommended reunification services be terminated as to father as he had failed to enroll in several of his case plan components though he was reported to visit B.S. frequently. B.S. was found appropriate for adoption/guardianship planning, and the department recommended a section 366.26 hearing be set.

In a supplemental report dated May 29, 2024, the department addressed mother's section 388 petition and recommended it be denied. The department reported mother had completed 21 out of 26 classes of parenting and neglect classes and it had obtained a discharge memo from the provider indicating mother had been discharged due to breach of attendance contract and financial agreement. The department had not received the completion certificate for mother's substance abuse counseling, and on May 10, 2024, the department attempted to test mother, but she could not provide a sufficient urine sample. The department also noted mother's long history of alcohol related criminal charges. The department stated it did not believe it was in B.S.'s best interests to recommend family reunification or maintenance services be provided to mother.

On June 3, 2024, the juvenile court conducted a hearing on mother's section 388 petition as well as the six-month status review hearing. Mother testified on her behalf in support of her section 388 petition. She testified she completed anger management, parenting, and substance abuse, and she was still enrolled in a 52-week parenting class

for criminal court and visiting B.S. twice a week. She testified the last time she had a drink was when B.S. was removed on June 2, 2023. She was staying sober from alcohol "to get [B.S.] back" as well as for herself, and her thinking was more clear-headed now that she was sober. She further testified her trigger was being around certain people, and she had ceased hanging around those people. She did not attend AA meetings because she was enrolled in parenting classes. When asked if she felt she had a problem with alcohol, she responded, "No more, I don't, no." On redirect-examination, mother's counsel asked, "When you say you don't have a problem with alcohol now, you think you had a problem then?" She responded, "No, not really. I just was around people that was drinking and just wanted to." According to mother, it was not a problem; rather, she drank "just to do it."

In ruling on mother's section 388 petition, the juvenile court pointed out the "big inconsistencies" regarding the last time mother drank alcohol between her testimony and the evidence in the jurisdictional/dispositional reports from her own statements to the social worker. The court went on, stating "what's most concerning is that she says she doesn't have a problem with alcohol and that she really never had a problem with alcohol." The court pointed out that her criminal history revealed she had been arrested or cited at least 52 times for alcohol-related events, and had pled no contest or guilty to drunk in public 27 times since 2003. The court stated that while mother may have completed her case plan, "she has really very little insight regarding her relationship with alcohol." The court concluded, "[a]t best, her circumstances are changing, but I have not heard any evidence as to why it would be in this child's best interest, at this time, unfortunately."

The court denied mother's section 388 petition. As for the section 366.21, subdivision (e) issues, the juvenile court ordered father's reunification services terminated and set a section 366.26 hearing for October 1, 2024.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders made at the setting hearing must file an extraordinary writ petition in this court substantively addressing the specific issues to be challenged and supporting that challenge by an adequate record. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

We must first address the adequacy of mother's writ petition. Rule 8.452 sets forth the content requirements for an extraordinary writ petition, including that a petition "must be accompanied by a memorandum," which "must provide a summary of the significant facts, limited to matters in the record"; "must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority"; and "must support any reference to a matter in the record by a citation to the record" and "explain the significance of any cited portion of the record and note any disputed aspects of the record." (Rule 8.452(a), (b)(1)-(3).)

We liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. (See rule 8.452(a)(1).) Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Mother's petition is inadequate. She filed a "PETITION FOR EXTRAORDINARY WRIT" (JV-825) form and checked the box indicating she was requesting that family reunification services be provided. Under the section on the form requiring her to state why the court's order was erroneous, she writes, "I completed

7.

everything in my case plan and I have my own place."  Under the section requiring her to state the factual basis of the petition, she writes again that she "complied with [her] entire [case] plan from July 17, 2023 to May 1st, 2024."  Attached to her petition were rental assistance agreements for the months of November 2023 through February 2024 and March 2024 through May 2024.  Mother does not make any citation to legal authority or to the record nor does she set forth an articulable claim of error justifying the requested relief.

To the extent mother is arguing the juvenile court committed error by denying her section 388 petition, her petition simply does not state an adequate legal argument that the order constituted reversible error.  In order to state a reviewable claim, mother would have had to (1) explain how the evidence compelled the court to find she had established changed circumstances as a matter of law (see *In re Matthew M.* (2023) 88 Cal.App.5th 1186, 1194 ["the question for the reviewing court is whether that finding is erroneous as a matter of law"]) and (2) make a reasoned argument as to how the court abused its discretion in finding the proposed order was not in B.S.'s best interests (see *id.* at pp. 1194–1195 [a reviewing court may only "disturb the exercise of [the juvenile court's] discretion [in finding a section 388 request is not in the child's best interests] only in the rare case when the court has made an arbitrary or irrational determination"].)  Because she does not do so, and makes no reference to any other articulable claim of error, we have no basis on which to review the court's findings and orders.

Accordingly, because mother's petition fails to comport with rule 8.452, we dismiss it.

## **DISPOSITION**

The petition for extraordinary writ is dismissed.  This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).